UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMILYN ROBERTSON, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-3006 |
| ) | |
| ROB JEFFREYS, et. al., ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges Illinois Governor J.B Pritzker, Warden Jean Marie Case, and Illinois Department of Corrections Director Rob Jeffreys violated her rights at the Logan Correctional Center. The Court notes it is difficult to decipher Plaintiff's complaint. Plaintiff includes several vague and seemingly unrelated claims which do not rise to the level of a constitutional violation.

For instance, Plaintiff makes general claims about the safety of allowing transgender women in the facility. However, the only specific incident involving Plaintiff occurred on December 8, 2021. Plaintiff says Inmate KK charged at her "with

1

the intent to assault" Plaintiff, but another inmate intervened and pushed the inmate away. (Comp, p. 6). Plaintiff reported the incident and met with an Internal Affairs Officer "who did nothing but take my statement." (Comp, p. 6). Plaintiff also "wrote to the prosecutor of Logan," and Inmate KK was moved to a different housing unit. (Comp, p. 6).

Plaintiff has not clearly articulated a constitutional violation. Plaintiff does not allege Inmate KK touched or assaulted her in any way, nor that Plaintiff was injured. In addition, Plaintiff admits the inmate was ultimately moved to a different unit.

Plaintiff next complains transgender inmates are allowed to have a single cell, but she was not. Plaintiff further applied for a transfer to Stateville Correctional Center to participate in a program at the facility, but Defendant Warden Long denied her request.

Plaintiff does not have a constitutional right to a single cell, nor a transfer to the institution of her choice. *See i.e.Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (Inmates have no justifiable expectation to be incarcerated in any particular prison); *Johnson v. Barry*, 815 F.2d 1119, 1121 (7th Cir. 1987)(plaintiff had no protected expectation to either stay at his facility or avoid transfer to a facility with more severe rules); *Brown v. Sproul*, 2022 WL 18395961, at *2 (S.D.Ill. Dec. 21, 2022)(plaintiff "does not have a constitutional right to any transfer."); *Jackson v. Brookhart*, 2021 WL 1146984, at *3 (S.D.Ill.March 25, 2021)(" there is no constitutional right for a prisoner to be housed in a particular institution or placement.").

Plaintiff further complains Correctional Officer Bolyard handles claims pursuant to the Americans with Disability Act (ADA), but "will not provide me with a proper watch with a light for my disability." (Comp, p. 7).

To establish a violation of Title II of the ADA, a plaintiff must prove: (1) she is a qualified individual with a disability; (2) she was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by the entity; and (3) the denial or discrimination was due to the disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Plaintiff has provided no information concerning her disability, nor why she needed any accommodation, or how and when she asked for an accommodation.

Plaintiff next complains about the general living conditions at Logan including flooding, asbestos, lead, no heat in the kitchen, lead, black mold, bird poop, etc. Plaintiff also complains she was not allowed to keep a "personal penis picture." (Comp,. p. 8). However, Plaintiff has attached her relevant grievance which advised her the offender handbook states no nude photos are allowed. (Comp, p. 16).

Plaintiff has not provided enough information to state a constitutional violation. For instance, if Plaintiff intends to state a claim based on unconstitutional living conditions, she must state when and where she lived with these conditions, for how long, and what, if any, impact the conditions had on Plaintiff.

Plaintiff has also failed to identify the correct Defendants. "In order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that

3

violation." *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). In addition, "supervisors cannot be held vicariously liable under § 1983 for others' violations." *Tackett v. Jess*, 853 Fed.Appx. 11, 16 (7th Cir. 2021), *citing Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

Lastly, Plaintiff cannot combine unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. It is unclear if Plaintiff can articulate a violation if given leave to amend. However, since Plaintiff is proceeding pro se, the Court will allow her one opportunity to file an amended complaint clarifying her claims.

The amended complaint must stand complete on its own, must include all claims, and must not refer to the previous complaint. Plaintiff should also clearly state when her claims occurred, where they occurred, who was involved, and what happened.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

2) If Plaintiff believes she can articulate a claim, she must file an amended complaint in compliance with this order within 21 days or on or before April 24, 2023.  If Plaintiff fails to file her amended complaint on or before the deadline, or fails to follow the Court's directions, this case may be dismissed.

3) Plaintiff is reminded she must immediately notify the Court in writing of any change in her mailing address and telephone number.  Failure to provide this information could result in the dismissal of his lawsuit.

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset this case for an internal merit review within 21 days. Plaintiff should use the complaint form provided to assist her in clearly stating her claims.

Entered this 4th day of April, 2023.

                                s/James E. Shadid

                            _____
                                 JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE