UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAMILYN ROBERTSON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-3006 |
| | ) | |
| ROB JEFFREYS, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint. [9].

Plaintiff's original complaint was dismissed for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915A. *See* April 4, 2023 Merit Review Order. Plaintiff included "several vague and seemingly unrelated claims which do not rise to the level of a constitutional violation." April 4, 2023 Merit Review Order, p. 1.

For instance, Plaintiff included general claims about her concerns with allowing transgender inmates in her facility, but Plaintiff did not allege how this policy had specifically impacted her. Plaintiff also included a vague allegation pursuant to the Americans with Disability Act (ADA), but "provided no information concerning her disability, nor why she needed any accommodation, or how and when she asked for an accommodation." April 4, 2023 Merit Review Order, p. 3.

1

Next, Plaintiff complained about the general living conditions at Logan Correctional Center, and noted she was not allowed to keep a "personal penis picture." (Comp,. p. 8). However, Plaintiff did not provide enough information to state a constitutional violation.

Plaintiff was given additional time to file an amended complaint and directions to assist her in clarifying her claims. Finally, Plaintiff was admonished she could not combine unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff has now submitted her proposed complaint which has been filed as a Motion for Leave to Amend. [9]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [9].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff amended complaint identifies three Defendants: Illinois Governor J.B Pritzker, Warden Jean Marie Case, and Illinois Department of Corrections Director Rob Jeffreys.

Plaintiff first claims Logan Correctional Center accepts transgender inmates "with penis" to enter the facility, but she as a "biological female is not allowed to transfer to a male prison to pursue my education." (Amd. Comp., p. 5). The fact that Logan Correctional Center accepts some transgender inmates is not related to Plaintiff's educational opportunities.

In addition, Plaintiff has not stated a claim based on IDOC's failure to transfer a female inmate to a male prison. Perhaps Plaintiff intended to state a claim based on the educational opportunities provided to male inmates versus the educational opportunities provided to female inmates, but she has not provided a factual basis for this claim. *See i.e. Amenson v. Litscher*, 2000 WL 34229778, at *3–4 (W.D.Wis. Sept. 5, 2000). Plaintiff has not identified the specific program, when she applied, or if it was only offered to male inmates.

Plaintiff next says she is not allowed to have an "individual penis picture," but "a man with a penis can enter LCC." (Amd. Comp, p. 5). Again, the fact that transgender inmates are allowed at Lincoln, is not related to the policy concerning nude photos. If Plaintiff is challenging whether the policy violates her First Amendment rights, she has again failed to provide a factual basis for this claim such as when she had the photograph, what was depicted, when it was taken, and why she was told it was taken. *See i.e. Sharp v. Wells*, 2022 WL 17175900, at *2 (S.D.Ill. Nov. 23, 2022).

Finally, Plaintiff says transgender inmates are allowed single cells, but she is only allowed a single cell as the result of discipline. The Court has previously indicated

Plaintiff "does not have a constitutional right to a single cell, nor a transfer to the institution of her choice." April 4, 2023 Merit Review Order, p. 2, (citing cases).

In addition, courts have recognized transgender inmates are typically placed in single cells due to their "vulnerable" status within the prison. *See i.e. Finnegan v. Baldwin*, 2021 WL 365782, at *1 (S.D.Ill. Feb, 3, 2021). Plaintiff has not alleged she also met this criterion, but she was still denied a single cell. Again, Plaintiff has not provided a factual basis for a claim alleging a violation of her constitutional rights.

Plaintiff's final claim alleges she needs a watch "that talks" and has a light due to a "disease" in her eyes. (Amd. Comp, p. 5). If Plaintiff is again attempting to state an ADA claim or a claim pursuant to the Eighth Amendment, she must identify the specific disease and how it impacts her, when she asked for the watch, who she asked, and what response she received.

Plaintiff is also reminded she must do more than list her Defendants. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption). "In order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation." *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his

knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). In addition, "supervisors cannot be held vicariously liable under § 1983 for others' violations." *Tackett v. Jess*, 853 Fed.Appx. 11, 16 (7th Cir. 2021), *citing Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

Therefore, Plaintiff must also explain how any named Defendant was responsible for her claim. Did she complain to the Defendant about her claim? How and what response did she receive? Was any Defendant responsible for a specific policy at Logan Correctional Center which she alleges violated her constitutional rights?

Plaintiff has again failed to articulate a claim upon which relief can be granted and the amended complaint is dismissed. The Court will allow Plaintiff one FINAL opportunity to clarify her claims. Plaintiff is again admonished she may NOT bring unrelated claims against different individuals in one complaint. *See George,* 507 F.3d at 607. Plaintiff can only combine unrelated claim which involve the same Defendant. For instance, a claim against the Warden based on a policy and practice of prohibiting nude pictures is not related to a claim Plaintiff asked a specific individual for a watch for her disability and her request was denied.

Plaintiff is again reminded she must provide a factual basis for any claim. For instance, Plaintiff MUST state what happened, how it impacted her, the date or time frame involved, and how any named Defendant was involved. The second amended complaint must also stand complete on its own and must not refer to any previous complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [9].

2) The amended complaint is dismissed for complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

3) If Plaintiff believes she can articulate a claim, she must file an amended complaint in compliance with this order within 21 days or on or before May 19, 2023. If Plaintiff fails to file her amended complaint on or before the deadline, or again fails to follow the Court's directions, this case will be dismissed.

4) Plaintiff is reminded she must immediately notify the Court in writing of any change in her mailing address and telephone number.  Failure to provide this information could result in the dismissal of his lawsuit.

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset this case for an internal merit review within 30 days. Plaintiff should use the complaint form provided to assist her in clearly stating her claims.

Entered this 27th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE