UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMILYN ROBERTSON,           ) | |
|     Plaintiff,               ) | |
|                               ) | |
| vs.                          ) | Case No. 23-3006 |
|                               ) | |
| ROB JEFFREYS, *et al.*,      ) | |
|     Defendants.             ) | |

**MERIT REVIEW ORDER**

JAMES E. SHADID, U.S. District Judge:

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of her constitutional rights at Logan Correctional Center. (Doc. 1). This cause is before the Court for consideration of Plaintiff's Motion for Leave to File Amended Complaint. (Doc. 12).

Plaintiff's original complaint and amended complaint were dismissed for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A. (Docs. 7 and 10). In her amended complaint, Plaintiff included general claims about her concerns with allowing transgender inmates at her facility. (Doc. 10 at 3-4). Plaintiff also alleged she needed a watch "that talks" because she suffers from a "disease" in her eyes. *Id.* at 4.

Plaintiff was given a final opportunity to file a second amended complaint and directions to assist her in clarifying her claims. *Id.* at 5. Finally, Plaintiff was admonished she could not combine unrelated claims against different Defendants in one lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims

against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff has now submitted her proposed second amended complaint, which has been filed as a Motion for Leave to File Amended Complaint. (Doc. 12). The motion is GRANTED pursuant to Federal Rule of Civil Procedure 15.

The Court is still required by § 1915A to "screen" Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

Plaintiff's second amended complaint identifies three Defendants: Illinois Governor J.B. Pritzker, Warden Jean Marie Case, and ADA Correctional Officer Bolyard. (Doc. 12 at 2).

Plaintiff first alleges she was issued a talking watch from Defendant Bolyard in 2022 due to an eye disease called "keratocunus." *Id.* at 5. The watch speaks the time from 6:00 AM to 9:00 PM every hour and shuts down after 9:00 PM. Plaintiff asked Defendant Bolyard if she could add a light to the watch so Plaintiff could see what time it is at night. Defendant Bolyard allegedly changed the watch battery and gave Plaintiff back the same watch, which does not light up. On August 26, 2022, Plaintiff spoke to Defendant Case, who allegedly told Plaintiff she would look into the issue. Plaintiff claims Warden Case did not do so.

2

Plaintiff next alleges it is unjust to be incarcerated with transgender women who still have their penises intact. Plaintiff alleges that transgender women are assaulting other women physically as well as with objects, such as razors. Plaintiff claims this "flares all [her] senses that makes [her] PTSD arise." *Id.* at 6. Plaintiff has not articulated a factual basis to state a constitutional claim. She does not allege that she was attacked, nor does she allege that she is in imminent danger of being attacked.

Plaintiff also complains she is not allowed to have an "individual penis picture" because it is considered contraband, and therefore, "a male who is trans should be contraband and not allowed in LCC." *Id*. In its prior Merit Review Order, the Court stated the fact that transgender inmates are allowed at Lincoln, is unrelated to the policy concerning nude photos. *Id*. at 3. If Plaintiff is challenging whether the policy violates her First Amendment rights, she has again failed to provide a factual basis for this claim, such as when she had the photograph, what it depicted, when it was taken, and why she was told it was taken. *See Sharp v. Wells*, 2022 WL 17175900, at *2 (S.D. Ill. Nov. 23, 2022).

Finally, Plaintiff states that she was forced to move from a four-person cell on October 10, 2022. She claims that Defendant Bolyard told Correctional Officer Morgan, who is not named as a party, to move Plaintiff and that her TV was broken during the move.

In its prior Merit Review Order, the Court instructed Plaintiff that she could only combine unrelated claims involving the same Defendant. (Doc. 10 at 5). For instance, a claim against the Warden based on a policy and practice of prohibiting nude pictures is

3

unrelated to Plaintiff's request for a watch for her disability. Plaintiff has not complied with the instructions in the Court's previous Merit Review Order. (Doc. 10). The Court warned Plaintiff that if she again failed to follow the Court's directions, her case would be dismissed. *Id.* at 6.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Leave to File Amended Complaint [12] is GRANTED pursuant to Fed. R. Civ. P. 15.

2. Plaintiff's second amended complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment would be futile because Plaintiff had three opportunities to articulate a constitutional claim and was unable to do so. This case is therefore closed. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3. This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.

4. If Plaintiff wishes to appeal this dismissal, she must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of

good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: 5/11/23

s/ James E. Shadid
James E. Shadid
United States District Judge